IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| CARLMICHAEL CANNADY, | * |
| Plaintiff, | * |
| v. | * Civil No. SAG-23-2170 |
| JIM KOONS AUTOMOTIVE COMPANY | * |
| Defendant. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

MEMORANDUM OPINION

Plaintiff Carlmichael Cannady, who is self-represented, filed this lawsuit against Jim Koons Automotive Company, asserting claims stemming from the sale of a luxury vehicle. ECF 1. Jim Koons Automotive Company filed a motion to dismiss and for summary judgment, attaching an exhibit establishing that it does not sell vehicles, is not the entity that sold Plaintiff the vehicle, and has had no contact or relationship with Plaintiff. ECF 6; ECF 6-2 ¶ 3. In response, Plaintiff filed a motion for leave to amend his complaint. ECF 8. The proposed Amended Complaint names two additional defendants, Koons Chevrolet Buick GMC and Koons of Clarksville, but continues to name Jim Koons Automotive Company as a defendant. ECF 8-1. This Court has reviewed the motion to dismiss or for summary judgment, the motion for leave to amend, and the associated briefing. ECF 9, 11, 13. No hearing is necessary. *See* Local Rule 105.6 (D. Md. 2023). For the reasons that follow, Plaintiff's motion for leave to amend his complaint will be granted, but Jim Koons Automotive Company's motion for summary judgment will also be granted, allowing Plaintiff to proceed with his case only against the two newly named defendant entities.

## I. BACKGROUND

Plaintiff's Amended Complaint alleges that on February 10, 2022, he entered into a contract to purchase a 2020 Lamborghini Urus from Koons Chevrolet Buick GMC, for a purchase price of $290,000.00. ECF 8-1 ¶¶ 2, 6. Plaintiff alleges that Koons Chevrolet Buick GMC was owned by Koons of Clarksville, Inc.[1] (collectively, "Koons") at the time of the purchase. *Id.* ¶ 3. Plaintiff alleges that Koons induced him to purchase the vehicle by representing that the vehicle had only 24,800 miles, but that Koons altered the odometer after purchasing the Lamborghini at auction, before selling it to Plaintiff. *Id.* ¶¶ 12–14. Plaintiff alleges that Koons's action voided the manufacturer's warranty and rendered the vehicle uninsurable. *Id.* ¶¶ 18–19.

James O'Connell, an officer of Jim Koons Management Company Inc., submits an affidavit stating that the company "does not sell vehicles and did not sell [Plaintiff] a vehicle." ECF 6-2 ¶ 3. The affidavit further states that the company has not had "any contact or relationship whatsoever with" Plaintiff, and "does not conduct business as 'Jim Koons Chevrolet Buick GMC.'" *Id.*

## II. LEGAL STANDARDS

A defendant is permitted to test the legal sufficiency of a complaint by way of a motion to dismiss. *See, e.g.*, *In re Birmingham*, 846 F.3d 88, 92 (4th Cir. 2017); *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165–66 (4th Cir. 2016). A Rule 12(b)(6) motion constitutes an assertion by a defendant that, even if the facts alleged by a plaintiff are true, the complaint fails as a matter of law "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

---

[1] This Court notes that Plaintiff appears to rest his claims against Koons of Clarksville, Inc. on its ownership of the entity that actually sold him the vehicle, Koons Chevrolet Buick GMC. But under Maryland law, a parent corporation is generally not liable for the wrongful acts of its subsidiary. "Maryland courts will pierce the corporate veil only where it is necessary to prevent fraud or enforce a paramount equity." *Ramlall v. MobilePro Corp.*, 30 A.3d 1003, 1010 (Md. Ct. Spec. App. 2011) (declining to hold a parent company liable for breach of contract by its subsidiary) (citing *Bart Arconti & Sons v. Ames-Ennis, Inc.*, 340 A.2d 225, 234 (Md. 1975))). That issue, however, is not presently before this Court.

Whether a complaint states a claim for relief is assessed by reference to the pleading requirements of Rule 8(a)(2), which provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of the rule is to provide the defendants with "fair notice" of the claims and the "grounds" for entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007). In reviewing a Rule 12(b)(6) motion, a court "must accept as true all of the factual allegations contained in the complaint" and must "draw all reasonable inferences [from those facts] in favor of the plaintiff." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted); *Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015).

Because Plaintiff is self-represented, his pleadings are "liberally construed" and "held to less stringent standards than [those filed] by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted). "However, liberal construction does not absolve Plaintiff from pleading a plausible claim." *Bey v. Shapiro Brown & Alt, LLP*, 997 F. Supp. 2d 310, 314 (D. Md. 2014), *aff'd*, 584 F. App'x 135 (4th Cir. 2014); *see also Coulibaly v. J.P. Morgan Chase Bank, N.A.*, No. 10-CV-3517, 2011 WL 3476994, at *6 (D. Md. Aug. 8, 2011) ("[E]ven when pro se litigants are involved, the court cannot ignore a clear failure to allege facts that support a viable claim."), *aff'd* 526 F. App'x 255 (4th Cir. 2013).

Moreover, a federal court may not act as an advocate for a self-represented litigant. *See Brock v. Carroll*, 107 F.3d 241, 242–43 (4th Cir. 1996); *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Therefore, the court cannot "conjure up questions never squarely presented," or fashion claims for a plaintiff because he is self-represented. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985); *see also Maryland v. Sch. Bd.*, 560 F. App'x 199,

3

203 n.4 (4th Cir. 2014) (rejecting self-represented plaintiff's argument that district court erred in failing to consider an Equal Protection claim, because plaintiff failed to allege it in the complaint).

Ordinarily, a court "is not to consider matters outside the pleadings or resolve factual disputes when ruling on a motion to dismiss." *Bosiger v. U.S. Airways*, 510 F.3d 442, 450 (4th Cir. 2007). But sometimes, a court—in its discretion—may consider matters outside of the pleadings and convert the 12(b)(6) motion to a summary judgment motion. Fed. R. Civ. P. 12(d). To convert the motion, two requirements must be met. First, a court must give "some indication" to the parties that it is "treating the 12(b)(6) motion as a motion for summary judgment." *Miller v. Maryland Dep't of Nat. Res.*, 813 F. App'x 869, 873 (4th Cir. 2020) (quoting *Gay v. Wall*, 761 F.2d 175, 177 (4th Cir. 1985)). "This notice exists when 'a party is aware that material outside the pleadings is before the court,' such as when a motion is captioned in the alternative." *Id.* (quoting *Gay*, 761 F.2d at 177). Second, "a Rule 12(d) conversion is only proper when the parties have been 'afforded a reasonable opportunity for discovery.'" *Id.* (quoting *Gay*, 761 F.2d at 177). In the absence of such an opportunity, the court should defer ruling on the motion or deny the motion for summary judgment. Fed. R. Civ. P. 56(d). To oppose a motion for summary judgment on this basis, a plaintiff must submit a Rule 56(d) affidavit showing that he cannot present facts essential to justify the opposition without discovery because those facts are unavailable to him. *See id.*

Under Federal Rule of Civil Procedure 56(a), summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the burden of showing that there is no genuine dispute of material facts. *See Casey v. Geek Squad Subsidiary Best Buy Stores, L.P.*, 823 F. Supp. 2d 334, 348 (D. Md. 2011) (citing *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987)). If the moving party establishes that there is no

evidence to support the non-moving party's case, the burden then shifts to the non-moving party to proffer specific facts to show that a genuine issue exists for trial. *Id.* The non-moving party must provide enough admissible evidence to "carry the burden of proof in [its] claim at trial." *Mitchell v. Data Gen. Corp.*, 12 F.3d 1310, 1315–16 (4th Cir. 1993). A genuine issue of material fact cannot rest on "mere speculation, or building one inference upon another." *Miskin v. Baxter Healthcare Corp.*, 107 F. Supp. 2d 669, 671 (D. Md. 1999).

### III.  ANALYSIS

Plaintiff's Amended Complaint states a plausible claim against Koons Chevrolet Buick GMC, the alleged seller of the vehicle. Thus, this Court will permit the Amended Complaint to be filed. The Amended Complaint does not, however, adequately address the uncontroverted evidence that "Jim Koons Automotive Company" does not exist. Jim Koons Management Company Inc. uses a similar registered trade name, "Jim Koons Automotive Companies." ECF 6-2 ¶ 2. But even that entity had no relationship with Plaintiff and did not have any involvement in the sale of the vehicle in question. *Id.* ¶ 3. Plaintiff attempts to plead "agency by estoppel," suggesting that he was confused by the trade names into believing that the various companies were one and the same. ECF 8-1 ¶ 65. But he has not established, or even alleged, any facts suggesting that Jim Koons Automotive Companies or Jim Koons Management Company Inc. took any affirmative action or made any representations suggesting that Koons Chevrolet Buick GMC was an agent acting on its behalf. *See Integrated Consulting Servs., Inc. v. LDDS Commc'ns, Inc. Ga*, 176 F.3d 475 (4th Cir. 1999) ("[A]n agency by estoppel can arise only where the principal, through words or conduct, represents that the agent has authority to act . . . ." (quoting *Johns Hopkins Univ. v. Ritter*, 689 A.2d 91, 100 (Md. Ct. Spec. App. 1996))). Plaintiff's alleged confusion cannot overcome the actual evidence that Jim Koons Automotive Companies played no role in his automotive transaction. No genuine issue of fact exists. Accordingly, this Court will grant

summary judgment for the defendant identified in both versions of the complaint as "Jim Koons Automotive Company."[2]

### IV. CONCLUSION

For the reasons set forth above, Plaintiff's motion for leave to amend, ECF 8, is GRANTED, and his Amended Complaint, ECF 8-1, will be docketed. Jim Koons Automotive Company's motion, ECF 6, construed as a motion for summary judgment, is also GRANTED, and summary judgment is entered in favor of Jim Koons Automotive Company against Plaintiff. Plaintiff will be permitted to proceed to seek summons and to serve the two newly named entities with the Amended Complaint. A separate Order follows.

Dated: November 13, 2023

/s/
Stephanie A. Gallagher
United States District Judge

---

[2] The two requirements for converting a motion to dismiss to a motion for summary judgment are met. First, Plaintiff was on notice about the conversion because Defendant's motion was "captioned in the alternative." *Miller v. Maryland Dep't of Nat. Res.*, 813 F. App'x 869, 873 (4th Cir. 2020). Second, Plaintiff did not identify any additional "discovery that he was prevented from conduct that would have . . . a material effect" on the ruling. *Onan v. Cnty. of Roanoke, Va.*, 52 F.3d 321 (4th Cir. 1995).