IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **CARLMICHAEL CANNADY,** * * * **Plaintiff,** * v. * Civil Case No. SAG-23-02170 * **KOONS CHEVROLET BUICK GMC,** * * **Defendant** * * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

### MEMORANDUM OPINION

Plaintiff Carlmichael Cannady ("Plaintiff"), who is self-represented, filed an Amended Complaint against Koons Chevrolet Buick GMC or Koons of Clarksville, Inc. ("Koons"),[1] asserting claims relating to his purchase of a luxury automobile. ECF 16. Koons has filed a Motion to Dismiss and Compel Binding Arbitration. ECF 19. Plaintiff opposed the Motion, ECF 21, and Defendant replied, ECF 22. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). For the reasons that follow, this Court will grant the Motion and dismiss the case.

I.  **FACTUAL BACKGROUND**

According to Plaintiff's Amended Complaint, he purchased a used 2020 Lamborghini Uris from Koons on February 10, 2022. ECF 16 ¶¶ 6-8. Plaintiff alleges that the car's odometer had been altered and "rolled back" prior to his purchase, which voided the vehicle's manufacturer's warranty. *Id.*

The parties agree that the parties entered a contract for the purchase of the vehicle, entitled "Buyer's Order." ECF 19-2. The Buyer's Order incorporates a "Notice to Buyer," which states at

---

[1] Koons Chevrolet Buick GMC is the same entity as Koons of Clarksville, Inc. The former was the registered trade name of the latter during the relevant time period.

Paragraph 3 that, "The other terms on the back of this Agreement constitute a part of this Agreement." *Id.* at 1. In those other terms, Paragraph 23 (the "Arbitration Provision"), which is highlighted in a separate box immediately above the buyer's signature line, states in part, in bolded capital letters:

> **WE AGREE THAT ANY DISPUTE (AS DEFINED BELOW) SHALL BE RESOLVED BY BINDING ARBITRATION ADMINISTERED BY JAMS . . . . THE COSTS AND FEES OF THE ARBITRATION SHALL BE SHARED EQUALLY BY THE PARTIES UNLESS THEY AGREE OTHERWISE IN WRITING. . . . THE PARTIES ACKNOWLEDGE THAT THEY HAVE KNOWINGLY WAIVED THEIR RIGHT TO A JUDGE OR JURY TRIAL. THE COMMENCEMENT OF A LAWSUIT, ADMINISTRATIVE PROCEEDING OR OTHER ACTION AGAINST THE OTHER PARTY RELATING TO THIS DISPUTE SHALL CONSTITUTE A BREACH OF THIS AGREEMENT. AS USED HEREIN, A DISPUTE IS ANY CLAIM, DISPUTE OR CONTROVERSY DIRECTLY OR INDIRECTLY RELATING TO (i) THIS TRANSACTION; (ii) ANY VEHICLE INVOLVED IN THIS TRANSACTION; (iii) THIS AGREEMENT; OR (iv) ANY OTHER AGREEMENT RELATING TO THIS TRANSACTION, PROVIDED HOWEVER THAT DEALER'S USE OF REPOSSESSION, REPLEVIN, DETINUE OR ANY OTHER REMEDY, WITH OR WITHOUT JUDICIAL PROCESS, TO ENFORCE ANY COLLATERAL, SECURITY OR PROPERTY INTEREST OR TO OBTAIN TITLE TO A TRADE-IN VEHICLE, SHALL NOT BE CONSIDERED A DISPUTE AND SHALL NOT BE SUBJECT TO ARBITRATION. . . .**

*Id.* at 2. The buyer's signature line, bearing Plaintiff's signature, appears under the statement, "The terms and conditions stated above, including but not limited to paragraph 23, have been reviewed with the Buyer(s), and I/We understand these terms and conditions." *Id.*

## II.    LEGAL STANDARD

Because the sale of this vehicle occurred in Maryland, Maryland law regarding contract formation applies to the question of whether the parties contracted to arbitrate this dispute. In addition to the standard requirements necessary to form a contract, Maryland law requires independent consideration to support an arbitration provision. *Noohi v. Toll Bros., Inc.,* 708 F.3d 599, 613–14 (4th Cir. 2013). Where a court finds a valid written arbitration agreement and a

dispute within the scope of the agreement, it must compel arbitration. *See AT&T Techs, Inc. v. Commc'ns Workers of Am.,* 475 U.S. 643, 649–50 (1986); *Glass v. Kidder Peabody & Co.*, 114 F.3d 446, 453 (4th Cir. 1997).

The Federal Arbitration Act generally requires courts to stay their proceedings until any issue referable to arbitration has been adjudicated. *See* 9 U.S.C. § 3; *EEOC v. Waffle House, Inc.,* 534 U.S. 279, 289 (2002). As the Fourth Circuit has explained, however, "Notwithstanding the terms of § 3, however, dismissal is a proper remedy when all of the issues presented in a lawsuit are arbitrable." *Choice Hotels Int'l, Inc. v. BSR Tropicana Resort, Inc.,* 252 F.3d 707, 709–10 (4th Cir. 2001).

### III. ANALYSIS

Plaintiff makes several arguments why, in his view, the Arbitration Provision in the Buyer's Order is unenforceable. First, he argues that the contract was procured by fraud and involved violations of law. His argument, however, relates to his allegations that Koons committed odometer fraud, not fraud in the execution of the contract. Whether Koons is responsible for odometer fraud is the dispute to be adjudicated in some forum, but it does not provide a basis for this Court to deem the parties' written contract invalid. To the extent Plaintiff contests the arbitrability of the specific issues he raises in his Amended Complaint, those questions are properly addressed before the JAMS arbitration panel contemplated in the Buyer's Order. *See Simply Wireless, Inc. v. T-Mobile US, Inc.*, 877 F.3d 522, 527–28 (4th Cir. 2017) (noting that JAMS rules provide for the arbitrator to decide arbitrability), *abrogated on other grounds by Harry Schein, Inc. v. Archer & White Sales, Inc.,* 139 S. Ct. 524, 528 (2019) ("When the parties' contract delegates the arbitrability question to an arbitrator, the courts must respect the parties' decision as embodied in the contract.").

Second, Plaintiff argues that the Buyer's Order should be vacated because it is unconscionable. "Under Maryland law, an unconscionable contract is void." *Aerotek, Inc. v. Obercian,* 377 F. Supp. 3d 539, 553 (D. Md. 2019). Unconscionability is "a term that encompasses both procedural and substantive unconscionability." *Lloyd v. Niceta,* 284 A.3d 808, 831 (Md. Ct. Spec. App. 2022). Both procedural and substantive unconscionability must be present before a court will void a contract. *Id.* Neither is present here.

Procedural unconscionability "concerns the process of making a contract and includes such devices as the use of fine print and convoluted or unclear language, as well as deficiencies in the contract formation process, such as deception or a refusal to bargain over contract terms." *Rankin v. Brinton Woods of Frankford, LLC,* 211 A.3d 645, 655 (Md. Ct. Spec. App. 2019). This case is the exact opposite. The Arbitration Provision in the Buyer's Order is surrounded by a box, capitalized, and bolded. The importance of the Arbitration Provision in paragraph 23 is reinforced immediately above the buyer's signature line, which specifically confirms that the buyer has reviewed that provision. Nothing about the Buyer's Order suggests an attempt to confuse or deceive regarding its terms, or any other form of unconscionability.

Substantive unconscionability is similarly lacking. The Buyer's Order is clearly a contract of adhesion, but that fact does not render an agreement unconscionable. *See Walther v. Sovereign Bank,* 872 A.2d 735, 746 (Md. 2005). Otherwise, nearly all standard sales agreements would be unconscionable, since buyers rarely draft or significantly negotiate such agreements. Here, this Court finds nothing about this Buyer's Order in general, or the Arbitration Provision in particular, that is "unreasonably or grossly favorable to the more powerful party and include[s] terms that attempt to alter in an impermissible manner fundamental duties otherwise imposed by the law." *Rankin,* 211 A.3d at 656 (quoting *Stewart v. Stewart*, 76 A.3d 1221, 1232 (Md. Ct. Spec. App.

4

2013)) (defining substantive unconscionability). This contract is a relatively standard sales contract in all respects.

Third, Plaintiff cursorily contends that he should be entitled to discovery related to the existence of any arbitration agreement. He does not specify what such discovery would entail or how it might change this Court's analysis of the plain language of the parties' existing written agreement. In the absence of such specific allegations, this Court finds no basis to order discovery.

Fourth, Plaintiff argues that the Arbitration Provision does not apply to his claims. Specifically, he states that he seeks repossession of the car, in addition to replevin and detinue, and that those remedies fall outside the scope of the provision. His contention expressly misreads the language of the provision, which contains a limited carveout for certain actions taken by the *dealer* "to enforce any collateral, security, or property interest . . . ." ECF 19-2 ¶ 23. That specific carveout does not extend to relief sought by a *buyer* in a dispute relating to the sales transaction.

Finally, Plaintiff argues that paragraph 22 of the Buyer's Order permits him to pursue a bench trial in this Court. That paragraph reads,

> **EACH PARTY HERETO HEREBY IRREVOCABLY AND UNCONDITIONALLY WAIVES, TO THE EXTENT PERMITTED BY APPLICABLE LAW, *TRIAL BY JURY* IN ANY LEGAL ACTION OR PROCEEDING RELATING TO THIS AGREEMENT AND ANY OTHER DOCUMENTS RELATED HERETO.**

*Id.* ¶ 22 (italics added). The immediately following paragraph, however, contains the binding Arbitration Provision, which states,

> **WE AGREE THAT ANY DISPUTE (AS DEFINED BELOW) SHALL BE RESOLVED BY BINDING ARBITRATION ADMINISTERED BY JAMS . . . . THE PARTIES ACKNOWLEDGE THAT THEY HAVE KNOWINGLY WAIVED THEIR RIGHT TO A *JUDGE* OR JURY TRIAL . . . A DISPUTE IS ANY CLAIM, DISPUTE OR CONTROVERSY DIRECTLY OR INDIRECTLY RELATING TO (i) THIS TRANSACTION; (ii) ANY VEHICLE INVOLVED IN THIS TRANSACTION; (iii) THIS**

AGREEMENT; OR (iv) ANY OTHER AGREEMENT RELATING TO THIS TRANSACTION . . . .

*Id.* ¶ 23 (italics added). To the extent that a "LEGAL ACTION OR PROCEEDING" in Paragraph 22 (waiving a jury trial) refers to the same action as a "DISPUTE" in the Arbitration Provision (waiving a jury trial *or bench trial*), this Court believes that the broader Arbitration Provision governs. Alternatively, it is conceivable that the two paragraphs do not overlap, in which case the Arbitration Provision still applies. Because the Arbitration Provision defines the precise "disputes" that are subject to arbitration, it is conceivable that there would be other proceedings that would not be subject to arbitration as to which the parties would waive trial by jury in Paragraph 22. The issues raised in Plaintiff's Amended Complaint appear to fall within the scope of the Arbitration Provision, because they relate to the transaction and the vehicle involved in the transaction.

Because the Buyer's Order is an enforceable contract and the Arbitration Provision governs all of the claims Plaintiff asserts in his Amended Complaint, dismissal is a proper remedy. *See Choice Hotels Int'l, Inc. v. BSR Tropicana Resort, Inc.*, 252 F.3d 707, 709–10 (4th Cir. 2001). This Court will therefore compel arbitration and dismiss Plaintiff's claims without prejudice.[2]

## IV.  CONCLUSION

For the reasons set forth above, Koons's Motion to Dismiss and Motion to Compel Binding Arbitration, ECF 19, will be GRANTED and this case will be dismissed without prejudice and closed. A separate Order follows.

Dated: February 5, 2024                                    /s/
                                                           Stephanie A. Gallagher
                                                           United States District Judge

---

[2] Dismissal without prejudice will permit Plaintiff to return to this Court should the arbitrator agree with Plaintiff that some of his claims are not arbitrable.